# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JANELLE HENDERSON, | DOCKET NUMBER |
| Appellant, | DC-0432-20-0615-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: September 10, 2024 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Janelle Henderson, Glenarden, Maryland, pro se.

Dana L. Vockley, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action demoting her for unacceptable performance pursuant to 5 U.S.C. chapter 43. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regional office for further adjudication consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

Effective April 15, 2019, the agency placed the appellant, a GS-14 Intelligence Research Specialist, on a 60-day performance improvement plan (PIP), explaining that she had failed to meet a critical performance goal of her position, specifically, Production and Quality Control. Initial Appeal File (IAF), Tab 5 at 50-51, 60-65, 144. On August 23, 2019, following the conclusion of the PIP, the agency informed the appellant that she had improved to an acceptable level; however, it explained that, if she did not continue to meet the subject performance goal for 1 year following the commencement of the PIP, it would initiate an adverse action against her without providing her an additional opportunity to demonstrate acceptable performance. *Id*. at 85-86.

Thereafter, on February 12, 2020, the agency proposed to demote the appellant to a GS-13 Intelligence Research Specialist position for failure to perform acceptably in Production and Quality Control. *Id*. at 38-42. On February 21, 2020, the appellant provided a written response to the agency's proposed action. *Id*. at 26-27. In her response, the appellant argued that her placement on the PIP was the result of discrimination on the basis of sex and race, as well as retaliation for prior protected equal employment opportunity (EEO) activity. *Id*. at 26. The appellant explained that she had filed three prior EEO complaints, the most recent of which related to her placement on the PIP. *Id*. Thereafter, effective April 26, 2020, the agency demoted the appellant. *Id*. at 20-25.

The appellant appealed her demotion to the Board; however, she did not request a hearing on the matter. IAF, Tab 1 at 2. On appeal, the appellant raised

the following affirmative defenses: (1) race discrimination; (2) sex discrimination; and (3) retaliation for prior protected EEO activity. *Id*. at 5.

Based on the written record, the administrative judge issued an initial decision affirming the agency's demotion action. IAF, Tab 14, Initial Decision (ID) at 1, 12-13. In so doing, the administrative judge found that the agency had shown, by substantial evidence,[2] the following: (1) the Office of Personnel Management (OPM) had approved the agency's performance appraisal system; (2) the agency had communicated to the appellant the performance standards and critical elements of her position, found her performance unacceptable in one or more critical elements, and warned her of her performance inadequacies; and (3) the agency had given the appellant a reasonable opportunity to improve, but she had failed to do so. ID at 4-10. The administrative judge also concluded that the appellant did not prove any of her proffered affirmative defenses by preponderant evidence. ID at 10-12.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. In her petition for review, the appellant asserts that the administrative judge failed to consider the entirety of her career at the agency. PFR File, Tab 1 at 5. She also contends that her placement on the PIP was the result of discriminatory and retaliatory animus.[3] *Id*. at 4-5.

---

[2] Substantial evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. This is a lower standard of proof than preponderance of the evidence." 5 C.F.R. § 1201.4(p).

[3] In her petition for review, the appellant explains that she would like to submit to the Board additional documents regarding two of her prior EEO complaints, PFR File, Tab 1 at 4, and, with its response, the agency submits additional documents regarding one of the appellant's EEO complaints, PFR File, Tab 3 at 11-13. The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Given our findings herein, however, we need not address either the appellant's request or the agency's additional documents.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's contention regarding her tenure at the agency does not warrant a different outcome.</u>

The appellant asserts that the administrative judge failed to properly consider her tenure with the agency "as a whole." *Id*. at 5. Specifically, she avers that she received satisfactory performance ratings from 2013 through 2018, and, therefore, that her demotion was unwarranted. *Id*. We disagree. Indeed, an agency is not estopped by a prior satisfactory appraisal from taking a performance-based action against an appellant. *Lee v. Department of Labor*, 110 M.S.P.R. 355, ¶ 11 (2008). Thus, the appellant's assertion is unavailing.

<u>We remand the appeal in light of *Santos*.</u>

The appellant contends that her placement on the PIP was unjustified. PFR File, Tab 1 at 4-5. Specifically, she avers that she had not "failed any [valid] standard or goal" prior to April 2019, when she was placed on the PIP. *Id*. at 5. She seemingly argues that the agency's initiation of the PIP was therefore the result of race/sex discrimination and retaliation for her prior EEO activity. *Id*. at 4-5. She also contends that the administrative judge should have postponed his issuance of the initial decision because her EEO claims were unresolved. *Id*. at 4.

At the time the initial decision was issued, the Board's case law stated that, in an appeal of a performance-based removal under chapter 43, the agency must establish the following by substantial evidence: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards were valid under 5 U.S.C. § 4302(c)(1);[4] (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance

---

[4] The criteria set forth in 5 U.S.C. § 4302(c)(1) formerly appeared at 5 U.S.C. § 4302(b)(1) prior to the enactment of the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, Div. A, tit. X, § 1097(d)(1), 131 Stat. 1283, 1619 (2017).

remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).[5]

In affirming the agency's performance-based action, the administrative judge correctly applied the above-enumerated standard. ID at 4-10. In so doing, he explained that the appellant's placement on the PIP was not a matter appealable to the Board. ID at 9 (citing *Shaishaa v. Department of the Army*, 58 M.S.P.R. 450, 454 (1992)). Similarly, in finding unavailing the appellant's assertions that the agency had discriminated and retaliated against her, the administrative judge reasoned that the appellant's arguments concerned "the issue of whether the agency discriminated and retaliated against [her] when it placed her on a PIP, and not the actual decision to demote her," and, therefore, were not within the Board's jurisdiction. ID at 12.

During the pendency of the petition for review in this case, the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth above, the agency must also justify the institution of a PIP by proving by substantial evidence that the appellant's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See id.* (remanding the appellant's chapter 43 appeal because the parties did not have an opportunity to address the modified standard set forth in *Santos*).

---

[5] We recognize that the administrative judge described the agency's burden somewhat differently. ID at 3. However, the requirements remained the same under the administrative judge's description and ours. We are simply using the description found in more recent Board decisions that predate *Santos*. *See, e.g., White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013); *Lee*, 115 M.S.P.R. 533, ¶ 5.

On remand, the administrative judge shall accept evidence and argument from both parties regarding whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on other elements of the agency's case in the remand initial decision. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the analyses of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

**ORDER**

For the reasons discussed above, we grant the appellant's petition for review, vacate the initial decision, and remand this case to the regional office for further adjudication consistent with *Santos*.

FOR THE BOARD:

*Gina K. Grippando*

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

Gina K. Grippando
Clerk of the Board

Washington, D.C.